Telia U. Williams, Esq.
Nevada Bar No. 9359
LAW OFFICE OF TELIA U. WILLIAMS
10161 Park Run Dr., Ste. 150
Las Vegas, Nevada 89145
Tel: (702) 835-6866
telia@telialaw.com

*Attorney for defendants*
*Mark Coburn, Half Price*
*Lawyers LLC, Adam Stokes,*
*and Adam Stokes, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTINE OWEN,<br><br>          Plaintiff,<br><br>vs.<br><br>ADAM STOKES, an individual; ADAM STOKES, LLC, a domestic limited liability company; HALF PRICE LAWYERS, LLC, a domestic limited liability company; MARK COBURN, an individual; RAMZY LADAH, an individual,<br><br>          Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>**(FEDERAL QUESTION)**<br>[Filed concurrently with Civil Cover Sheet, Certificate of Interested Parties, and Corporate Disclosure Statement] |

**TO THE ABOVE-ENTITLED COURT:**

   PLEASE TAKE NOTICE THAT defendants Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, and Mark Coburn, [hereinafter, collectively, "the HPL defendants"] hereby remove the above-entitled action to this federal court from the Eighth Judicial District Court, Clark County, Nevada pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  This removal is based upon this court's federal question jurisdiction.  In support of removal, the HPL defendants state as follows:

   1.   On July 17, 2018, an action was commenced in the Eighth Judicial District Court in Clark County, Nevada entitled, *Christine Owen v. Adam Stokes, an individual; Adam Stokes, LLC, a domestic limited liability company; Half Price Lawyers LLC, a domestic limited liability*

1

*company; Mark Coburn, an individual; Ramzy Ladah, an individual; DOES I through X, inclusive; ROE ENTITIES XI through M, inclusive*, designated as Case No. A-18-777778-B ("the State Court Action").

2. Plaintiff served a Summons and a copy of the Complaint on defendant Mark Coburn, by way of personal service, on **August 9, 2018**. This constitutes the first defendant's first legal notice of the State Court Action for purposes of removal.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after defendant Mr. Coburn's receipt of the initial pleading. In accordance with 28 U.S.C. 1446(a), a copy of the pleadings, process, and/or orders served upon Mr. Coburn by way of the State Court Action is herein attached. *See* **Exhibit 1**.

4. The complaint names defendants Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, Mark Coburn, ("the HPL defendants"), and Ramzy Ladah. Only defendants Mark Coburn and Ramzy Ladah have been served to date. Nevertheless, <u>all of these defendants</u> (served and unserved) herein <u>consent</u> <u>in</u> <u>writing</u> to the filing of this petition for removal. The HPL defendants herein consent by jointly filing this Notice of Removal with their counsel. Mr. Ladah consents in writing, attached to this Notice. *See* **Exhibit 2.**[1]

5. The complaint also names as defendants "Does I through X" and "Roe entities XI through M." Defendants are informed and believe, and on that basis, allege that none of the fictitiously named defendants have been served with a Summons and copy of the complaint. Therefore, the fictitiously named defendants are not parties to this action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).

6. This case arises out of plaintiff's Operating Agreement with defendant Adam Stokes. *See* **Exhibit 1, at 3.** This case also arises out of a Licensing Agreement between defendant Adam Stokes and Mark Coburn. *See id.* In her complaint, plaintiff alleges *inter alia*, that Mr.

---

[1] Note also that Adam Stokes is authorized to defend any proceeding in Half Price Lawyer LLC's name. *See* **Exhibit 3a**, at pg. 8, paragraph 4.1.1(b).

Stokes and Mr. Coburn have failed to abide by the aforementioned agreements. (Plaintiff also alleges that defendant Ramzy Ladah owes her monies, as a direct result of these agreements.)

7. The Operating Agreement and the Licensing Agreement referenced and alluded to in plaintiff's Complaint contemplate and require the interpretation of federal substantive law and federal civil procedure. The Licensing Agreement binding Adam Stokes and Mark Coburn explicitly concerns federal trademark law and trade dress, existing as it does, exclusively for the use and licensing of the federally registered trademark, **"Half Price Lawyers."** *See* **Exhibits 3a and 3b.** The Licensing Agreement explicitly involves the interpretation of federal law:

> **"The construction, performance, and interpretation of this Agreement shall be governed by the U.S. Trademark Act, 15 U.S.C. Section 1051, et seq…"** *See id.*

*See* **Exhibit 3a**[2] (at pg. 21, paragraph 17); *see also*, Lanham Act, 15 U.S.C. § 1051, *et seq*. *And see,* 11 U.S.C. §§ 365(c)(1)(A), and 365(n) (also cited at **Exhibit 3a**, pg. 10, paragraph 4.6, and pg. 20, paragraph 12.1).

The Operating Agreement further states that any disputes will be decided pursuant to the *Federal Rules of Civil Procedure* ("without reference to the local rules of any court"), and moreover, pursuant to *federal* arbitration guidelines. *See* **Exhibit 4** (12.8 of Operating Agreement, at p. 22)[3].

8. The plaintiff's claims, pursuant to her Operating Agreement with Adam Stokes, as well as her reliance upon the Licensing Agreement that Adam Stokes executed with Mark Coburn, (for *her* alleged interest in proceeds from the trademark, "Half Price Lawyers"), also *expressly* concerns trademark, copyright, and other intellectual property law properly within the purview of the federal court. *See id.* at 6.

---

[2] Filed under seal.
[3] Filed under seal.

3

Specifically, the monies to which the plaintiff claims she is entitled from Mark Coburn, Half Price Lawyers, Adam Stokes, Adam Stokes, LLC, and Ramzy Ladah, concern the legal use of the federally licensed trademark of the name "Half Price Lawyers" which unequivocally belongs to the "Licensor" pursuant to the U.S. Trademark Act, 15 U.S.C. § 1051, *et seq*. ***See* Exhibit 3a** (7.1.6 of Licensing Agreement, at p. 12). By its own language, the federal trademark laws are a "material provision" of this agreement. *See id.*

9. Thus, this action is within the original federal question jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331.

10. Plaintiff's complaint also alleges claims arising out of purported violations of state law. Pursuant to 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over plaintiff's state law claims because each of her state law claims arises from her dispute (and claim for compensation) involving or concerning the federally registered trademark of "Half Price Lawyers," and form part of the same case or controversy.

11. The Operating Agreement between the plaintiff and defendant Adam Stokes, and upon which the plaintiff relies, requires that any and all disputes be resolved through arbitration. ***See* Exhibit 4** (pg. 22, at paragraph 12.8). Plaintiff brought this lawsuit against Mr. Stokes, pursuant to the Operating Agreement, in complete disregard of the arbitration provision. The applicable defendants intend to file a Petition to Compel Arbitration with this court at the earliest possible time permitted by the Federal Rules of Civil Procedure and Local Rules of this court, to compel this action to arbitration. Nothing contained in this Notice of Removal or accompanying papers is intended to waive or relinquish any of the defendants' rights to seek to compel this action in arbitration, all rights of which are expressly reserved.

12. Aside from not waiving their right to seek to compel arbitration, the defendants also do not waive their right to object to jurisdiction over the person or subject matter of this action, and specifically reserve the right to assert any defenses and/or objections to which they may be entitled.

13. Venue is proper in this court as this is the court for the district where the action is pending in state court. *See* 28 U.S.C. §§ 108 and 1441(a).

14. In accordance with 28 U.S.C. § 1446(d), the HPL defendants will promptly provide written notice of the filing of this Notice of Removal to plaintiff, and will also file a copy of this Notice of Removal with the Clerk of the Eighth Judicial District Court for Clark County, Nevada. A true and correct copy of the Notice to State Court of Removal of Action to Federal Court is attached hereto and incorporated herein as **"Exhibit 5."**

15. WHEREFORE, having fulfilled all statutory requirements, defendants hereby remove this action from the Eighth Judicial District Court in Clark County, Nevada, and request that this court assume full jurisdiction over this matter as provided by law.

Respectfully submitted this 21st day of August, 2018.

LAW OFFICE OF TELIA U. WILLIAMS

By:  /s/
Telia U. Williams, Esq.
*Attorneys for Mark Coburn, Half Price Lawyers LLC, Adam Stokes, and Adam Stokes, LLC*

# CERTIFICATE OF SERVICE

Pursuant to Fed. R. Civ. P. 5(b)(3) and Local Rule 5-4, the undersigned hereby certifies that on the following date the foregoing Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system which sent notification of such filing to all counsel of record. A hard copy by United States mail was also sent, postage prepaid, to the following:

>Harold P. Gewerter, Esq.
>1212 S. Casino Center Blvd.
>Las Vegas, Nevada 89104
>
>*Attorney for the plaintiff*

And by his consent, by electronic mail to the following:

>Ramzy Ladah, Esq.
>Ladah Law Firm, PLLC
>517 S. 3rd Street
>Las Vegas, Nevada 89101
>ramzy@ladahlaw.com
>
>*Attorney for defendant,*
>*Ramzy Ladah*

Dated: August 21, 2018

>/s/ David DaSilva
>For the Law Office of Telia U. Williams