# Exhibit 1

SUMM
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Plaintiff

DISTRICT COURT

CLARK COUNTY, NEVADA

* * * *

| | |
|---|---|
| CHRISTINE OWEN,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM STOKES, an individual; ADAM STOKES LLC, a domestic limited liability company; HALF PRICE LAWYERS LLC, a domestic limited liability company; MARK COBURN, an individual; RAMZY LADAH, an individual; DOES I through X, inclusive; and ROE ENTITIES XI through M, inclusive,<br><br>Defendants. | CASE NO.: A-18-777778-B<br>DEPT. NO.: 11 |

## SUMMONS

TO:   MARK COBURN, an individual

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT:** A civil Complaint has been filed by the plaintiff(s) against you for the relief set forth in the Complaint.

   1.   If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

- 1 -

1       a. File with the Clerk of the Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

      b. Serve a copy of your response upon the attorney whose name and address is shown below.

   2. Unless you respond, your default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

   3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

   4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

**Submitted by:**

HAROLD P. GEWERTER, ESQ., LTD.       Clerk of Court

By: _/s/ Harold Gewerter_       By: _/s/ Josefina San Juan_   7/25/2018
HAROLD P. GEWERTER, ESQ.       DEPUTY CLERK       Date
Nevada Bar No. 499       Regional Justice Center
1212 So. Casino Center Blvd.       200 Lewis Avenue, 3rd Floor
Las Vegas, Nevada 89104       P.O. Box 551601
Attorney for Plaintiff       Las Vegas, Nevada 89155-1601

Electronically Filed
7/17/2018 11:12 AM
Steven D. Grierson
CLERK OF THE COURT

1  **COMP**
2  HAROLD P. GEWERTER, ESQ.
   Nevada Bar No. 499
3  HAROLD P. GEWERTER, ESQ., LTD.
   1212 S. Casino Center Blvd.
4  Las Vegas, Nevada 89104
5  Phone: (702) 382-1714
   Fax: (702) 382-1759
6  Attorney for Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

* * * *

| | |
|---|---|
| CHRISTINE OWEN,<br><br>Plaintiff,<br><br>vs.<br><br>ADAM STOKES, an individual; ADAM STOKES LLC, a domestic limited liability company; HALF PRICE LAWYERS LLC, a domestic limited liability company; MARK COBURN, an individual; RAMZY LADAH, an individual; DOES I through X, inclusive; and ROE ENTITIES XI through M, inclusive,<br><br>Defendants. | CASE NO.: A-18-777778-B<br>DEPT. NO.: Department 11<br><br>**COMPLAINT FOR:**<br>1) Breach of Contract<br>2) Breach of the Implied Covenant of Good Faith and Fair Dealing<br>3) Breach of Fiduciary Duty<br>4) Fraud<br>5) Conversion<br>6) Unjust Enrichment<br>7) Constructive Trust<br>8) Equitable Accounting<br>9) Declaratory Relief<br>10) Injunctive Relief<br>11) Intentional Interference with Contractual Relations<br>12) Intentional Interference with Prospective Economic Advantage<br>13) Accounting<br>14) Dissolution<br>15) Distribution of Assets<br><br>Arbitration Exemption Requested:<br>Equitable Relief Requested<br>**Business Court** |

COMES NOW, Plaintiffs, ("Plaintiff"), by and through her attorney of record, HAROLD P. GEWERTER, ESQ. of the law firm of HAROLD P. GEWERTER, ESQ., LTD. and for her Complaint against the Defendants, and each of them, alleges and avers as follows:

- 1 -

## JURISDICTION AND PARTIES

1. The Plaintiff, Christine Owen ("Owen" or "Plaintiff") is a Nevada resident, conducting business in Clark County, Nevada.

2. Upon information and belief at all times relevant hereto, Defendant, Adam Stokes ("Stokes") is a Nevada resident, conducting business in Clark County, Nevada.

3. The Defendant, Adam Stokes LLC ("Stokes LLC"), is a Nevada limited liability company conducting business in Clark County, Nevada.

4. The Defendant, Half Price Lawyers, LLC ("HPL"), is a Nevada corporation conducting business in Clark County, Nevada.

5. Upon information and belief, the Defendant, Mark Coburn ("Coburn"), is a Nevada resident conducting business in Clark County, Nevada.

6. Upon information and belief, the Defendant, Ramzy Ladah ("Ladah"), is a Nevada resident conducting business in Clark County, Nevada.

7. The contractual instruments that are the subjects of this action were prepared, executed, and agreed to be enforced in the state or federal courts in Clark County, State of Nevada.

8. The true names of Defendants DOES I through X, inclusive, and ROE ENTITIES XI through M, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiff, who therefore sues each Defendant by fictitious names. Plaintiff is informed and thereupon alleges that each of the Defendants designated herein as DOE or ROE ENTITIES is in some way responsible for the damages claimed by Plaintiff herein. Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of Defendants DOES I through X, inclusive, and ROE ENTITIES XI through M, inclusive, when the identities have been ascertained, to formulate appropriate allegations, and to join such Defendants in this action.

9. Plaintiff is informed and thereupon alleges that at all times relevant hereto, each of the Defendants were the principal, agent, employee, employer, and/or co-conspirator, of each other, and at times mentioned herein were acting within the course and scope of such relationships.

10. Plaintiff is informed and thereupon alleges that that at all times relevant thereto, Defendants were a shareholder, officer, director, and/or control person, directly or indirectly, of each other, and treated each other, and their finances as a mere shell, instrumentality, and conduit through which Defendants carried on business in name only, exercising control and dominance of such business to such an extent that any individuality or separateness of Defendants did not exist, and to maintain the fiction of a separate business entity would promote fraud and sanction injustice, such that Defendants should be treated as the alter egos of one another.

## GENERAL ALLEGATIONS

11. On or about June 2, 2014, Owen and Stokes entered into an Operating Agreement for Half Price Lawyers, LLC ("Operating Agreement") whereby each Stokes and Owens would receive income in proportion to their respective percentage interests and management duties.

12. Pursuant to the Membership Roster in the Operating Agreement, Stokes and Owen, each having contributed $5,000,000.00 in capital contributions to HPL, were each declared to have a percentage interest with eighty percent (80%) to Stokes and twenty percent (20%) to Owen.

13. Stokes is the Managing Member of HPL, operating its day to day business and affairs.

14. On or about February 22, 2016, Stokes and Defendant Mark Coburn entered into an agreement ("Licensing Agreement") whereby Stokes granted Coburn exclusive rights to use of the Licensed Marks to provide legal services in Nevada for the use of the "Half Price Lawyers" name in connection with legal services ("License").

15. In consideration for the License, commencing in March 2017, Coburn agreed to remit $7,500.00 per month plus a bonus in the amount of eight percent (8%) of gross monthly sales (calculated after a reduction of $80,000.00 for pre-existing business and monthly payments of $7,500.00).

16. For purposes of verifying the monthly bonus calculation, Stokes was permitted access to view bank accounts licensor Coburn.

17. All checks for the above referenced payments were to be payable to "Half Price Lawyers, LLC" and sent to Stokes at the HPL address.

18. Historically, HPL clientele are cash paying customers, as many do not have bank accounts and credit card payments may be prohibited.

19. Upon information and belief, Coburn takes payments in cash from HPL clientele, and fails to deposit or account for same.

20. Upon information and belief, rather than Coburn remitting payment via check pursuant to the License Agreement, Coburn remits payments to Stokes in cash, which Stokes retains, failing to include in gross proceeds of HPL.

21. Owen receives no portion of these cash payments.

22. Upon information and belief, Coburn and Stokes are diverting assets from HPL in violation of the Operating Agreement and Nevada law.

23. Upon information and belief, any personal injury HPL matters are transferred to Ramzy Ladah.

24. Upon transfer of all cases to Ramzy Ladah, HPL is entitled to receive a referral fee.

25. Upon information and belief, Ladah has remitted the referral fees for personal injury cases directly to Stokes. Referral fees are not directed back to HPL, again in violation of the Operating Agreement and Nevada law. Owen receives no portion of the referral fees.

26. Upon information and belief, Stokes is additionally selling intellectual property and tangibles owned by HPL without Owen's permission.

27. Owen is entitled to payment of referral fees and bonus payments from Coburn's licensing of the Half Price Lawyers brand.

### FIRST CAUSE OF ACTION

(Breach of Contract—as to Stokes, Coburn, and Ladah)

28. Plaintiff re-alleges the forgoing paragraphs as though fully stated herein.

29. Plaintiff entered the Operating Agreement, a binding and enforceable agreement, with Stokes, whereby Stokes and Owen agreed to eighty percent (80%) of net profits from HPL to Stokes and twenty percent (20%) to Owen.

30. Stokes and Owen, by and through HPL, entered into an agreement with Coburn whereby Coburn licensed the use of the HPL brand, in exchange for remitting payments to HPL ("Licensing Agreement").

31. Stokes, by and through HPL, and Coburn, entered into an agreement with Ladah whereby Ladah would pursue HPL personal injury matters entering litigation in exchange for a referral fee of one-third payable to HPL ("Referral Agreement").

32. Plaintiff performed all of her obligations required of her relative to the Operating Agreement.

33. Stokes, Coburn, and Ladah breached their obligations owing to Plaintiff under the Operating Agreement, Licensing Agreement, and the Referral Agreement by, among other things, diverting assets from HPL, remitting payments to Stokes in unaccounted for cash payments; and failing to remit proceeds to Owen.

34. Plaintiff has been damaged by Stokes, Coburn, and Ladah's breaches of the Operating Agreement, Licensing Agreement, and the Referral Agreement in an amount in excess of $15,000.00, to be determined at trial.

35. Plaintiff has been required to retain the services of an attorney to prosecute this matter, and as such, is entitled to an award of her costs and reasonable attorney's fees incurred herewith.

## SECOND CAUSE OF ACTION
(Breach of the Implied Covenant of Good Faith and Fair Dealing—as to Stokes, Coburn, and Ladah)

36. Plaintiff re-alleges the foregoing paragraphs as through fully stated herein.

37. Plaintiff entered the Operating Agreement, a binding and enforceable agreement, with Stokes, whereby Stokes and Owen agreed to eighty percent (80%) of net profits from HPL to Stokes and twenty percent (20%) to Owen.

38. Stokes, by and through HPL, entered into an agreement with Coburn whereby Coburn licensed the use of the HPL brand, in exchange for remitting payments to HPL ("Licensing Agreement").

39. Stokes, by and through HPL, and Coburn, entered into an agreement with Ladah whereby Ladah would pursue HPL personal injury matters in exchange for a referral fee

payable to HPL ("Referral Agreement").

40. Stokes owed a duty of good faith to Plaintiff that he would remit twenty percent (20%) of all net income to HPL to Owens.

41. Stokes further owed a duty of good faith to Plaintiff that he would not divert income due to HPL.

42. Coburn, and Ladah owed a duty of good faith to Plaintiff that they would remit proceeds from the licensing and/or referrals to HPL, and not divert funds due to HPL to Stokes.

43. Stokes breached his duty of good faith and fair dealing by accepting cash payments, not accounting for same, and not remitting the net proceeds of same to Owen.

44. Coburn and Ladah breached their duty of good faith and fair dealing by diverting funds due to HPL to Stokes.

45. As a result of Stokes, Coburn, and Ladah's actions, Plaintiff's justified expectations that the Operating Agreement, Licensing Agreement, and the Referral Agreement would be carried out pursuant to their terms were thus denied, and Plaintiff has been damaged in an amount in excess of $15,000.00, to be determined at trial.

46. Plaintiff has been required to retain the services of an attorney to prosecute this action and therefore, is entitled to an award of reasonable attorney's fees and costs incurred herewith.

### THIRD CAUSE OF ACTION

(Breach of Fiduciary Duty—as to Stokes)

47. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

48. Stokes owed a fiduciary duty as Managing Member of HPL to act for the benefit of Owen and HPL.

49. Stokes breached his duty by diverting funds from HPL in violation of the Operating Agreement and Nevada law.

50. As a proximate cause of Stokes' breach of fiduciary duty, Owen sustained damages in an amount in excess of $15,000.00, to be determined at trial.

51. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred

herein.

## FOURTH CAUSE OF ACTION

### (Fraud—as to Stokes)

52. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

53. Stokes made false representations to Owen that he act in the best interest of HPL and Owen, and would honestly manage HPL, remitting twenty percent (20%) of net proceeds thereof to Owen.

54. Stokes knew his representations were false as evidenced by his actions taken in direct contradiction to his statements, by his diversion of funds from HPL to himself.

Stokes intended to induce Owen to enter into the Operating Agreement for HPL based upon his representations, i.e., to grow the HPL business and seek new markets for HPL. Stokes' duties to grow the business served as the rationale for the uneven split of HPL ownership interest.

55. Owen justifiably relied upon Stokes representations.

56. As a result of Stokes' fraud, Owen sustained damages in an amount in excess of $15,000.00, to be determined at trial.

57. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

## FIFTH CAUSE OF ACTION

### (Conversion—as to Stokes, Stokes LLC, Coburn, and Ladah)

58. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

59. Stokes and Stokes LLC committed a distinct act of dominion wrongfully exerted over Plaintiff's personal property by accepting cash proceeds meant for HPL without accounting for same, and failing to include them in HPL gross proceeds for proper division between Stokes and Owen.

60. Coburn and Ladah committed a distinct act of dominion wrongfully exerted over Plaintiff's personal property by remitting cash payments to Stokes and/or Stokes LLC rather than to HPL.

61. The above acts were in denial of, or inconsistent with, Plaintiff's title or rights therein because payments that by all rights should have been included in gross proceeds for HPL were instead remitted directly to Stokes and/or Stokes LLC.

62. Plaintiff has sustained damages as a result of Stokes, Stokes LLC, Coburn, and Ladah's conversion in excess of $15,000.00, to be determined at trial.

63. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

### SIXTH CAUSE OF ACTION

(Unjust Enrichment—as to Stokes, Stokes LLC, Coburn, and Ladah)

64. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

65. Stokes, Stokes LLC, Coburn, and Ladah unjustly retained the property of Plaintiff against the fundamental principles of justice or equity and good conscious when Coburn and/or Ladah benefitted from HPL clients, and remitted payments therefrom to Stokes and Stokes LLC instead of HPL, while Stokes and Stokes LLC accepted said payments, diverting funds from HPL and thus from Plaintiff.

66. Plaintiff has sustained damages as a result of Stokes, Stokes LLC, Coburn, and Ladah's unjust enrichment in excess of $15,000.00, to be determined at trial.

67. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

### SEVENTH CAUSE OF ACTION

(Constructive Trust)

68. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein..

69. Valid and existing contracts were entered into between Plaintiff, Stokes, and Coburn, pursuant to which Coburn had the obligation to pay referral fees to HPL and remit bonus payments to HPL, accounting and calculating for same by permitting access to view financial accounts.

70. Valid and existing contracts were entered into between Plaintiff and Stokes, pursuant to which Stokes was obligated to evenly split all HPL income with Owen.

71. Stokes, Stokes, LLC, and Coburn failed systematically to perform the foregoing duties.

72. Plaintiff reposed trust and confidence in Stokes, Stokes, LLC, and Coburn, and a confidential relationship existed between them.

73. Stokes, Stokes, LLC, and Coburn failed to protect Plaintiff. In doing so, Stokes, Stokes, LLC, and Coburn breached their fiduciary duty to Plaintiffs.

74. Under these circumstances, Stokes, Stokes, LLC, and Coburn's retention of Plaintiffs' $5,000,000.00 investment into HPL would be inequitable, and a constructive trust over Stokes, Stokes, LLC, and Coburn's interest in Plaintiff's investment should be imposed.

75. Accordingly, Plaintiff requests that the Court: (1) order a constructive trust over Stokes, Stokes, LLC, and Coburn's interest in Plaintiffs' investment, (2) hold Stokes, Stokes, LLC, and Coburn to be trustee over these monies for Plaintiffs' benefit, and (3) hold Stokes, Stokes, LLC, and Coburn liable for any deficiency in the trust funds.

76. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

### EIGHTH CAUSE OF ACTION
(Equitable Accounting—as to Stokes, Stokes LLC, Coburn, and Ladah)

77. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

78. Stokes, Stokes, LLC, Coburn, and Ladah have received funds from clients and have concealed the funds owing to Plaintiff. Plaintiff lacks the records necessary to determine where the funds that have been diverted have been hidden.

79. Accordingly, substantial discovery must be had and an accounting must be performed in order to afford full and complete relief in this matter.

80. Plaintiff therefore requests that the Court order Stokes, Stokes, LLC, Coburn, and Ladah provide Plaintiff with an accounting of their books, including, without limitation, a full accounting of (a) all clients referred pursuant to the Referral Agreement; (b) all funds due

and/or owing pursuant to the Licensing Agreement; (c) all payments that have been made in cash to Coburn, (d) all referral fees due and/or owing by Ladah to Coburn and/or HPL, Stokes LLC, or Stokes; and (e) all funds that Coburn, Stokes, Stokes LLC, and Ladah currently possess.

## NINTH CAUSE OF ACTION

**(Declaratory Relief—as to Stokes, Stokes LLC, Coburn, and Ladah)**

81.  Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

82.  Plaintiff brings this claim pursuant to Rule 57 of the Nevada Rules of Civil Procedure.

83.  A case of actual controversy exists within this Court's jurisdiction, providing this Court with the right to declare the rights and other legal relations of any interested parties, which shall have the force and effect of a final judgment or decree.

84.  Based upon the acts and/or omissions of Defendants described hereinabove, Plaintiff is entitled to an Order from this Court declaring that (a) Stokes, Stokes, LLC, Coburn, and Ladah engaged in conversion, unjust enrichment, intentional interference with contractual relations, intentional interference with prospective economic advantage; (b) Stokes, Coburn, and Ladah are liable for breach of contract, and breach of the implied covenant of good faith and fair dealing; (c) Stokes is liable for breach of fiduciary duty; and fraud; (d) a constructive trust exists over Stokes, Stokes, LLC, and Coburn's interest in Plaintiffs' investment, (e) Stokes, Stokes, LLC, and Coburn serve as trustee over these monies for Plaintiffs' benefit, and (f) Stokes, Stokes, LLC, and Coburn are liable for any deficiency in the trust funds; (g) Plaintiff is entitled to an equitable accounting, an accounting, dissolution pursuant to NRS 86.495, and distribution pursuant to NRS 86.521.

85.  Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

## TENTH CAUSE OF ACTION

**(Injunctive Relief—as to Stokes, Stokes LLC, Coburn, and Ladah)**

86.  Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

87. Defendants continue to waste the property of Plaintiff all to the detriment of Plaintiff.

88. Due to the above, Plaintiff is entitled to a temporary restraining order and preliminary injunction allowing Plaintiff to exercise her ownership interest consistent with the agreements between the parties and prohibiting Defendants from any further dissipation or transfer of assets of Plaintiff pending the conclusion of this case.

89. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of costs and reasonable attorney's fees incurred herein.

## ELEVENTH CAUSE OF ACTION

### (Intentional Interference with Contractual Relations—as to Stokes, Stokes LLC, Coburn, and Ladah)

90. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein,

91. Valid and existing contracts were entered into between Plaintiff and Defendants pursuant to which Coburn and Ladah had the obligation to pay referral fees to HPL and remit payments to HPL.

92. Valid and existing contracts were entered into between Plaintiff and Stokes whereby Stokes was obligated to split all HPL income with Plaintiff, eighty percent (80%) of net profits from HPL to Stokes and twenty percent (20%) to Owen in accordance with the Operating Agreement.

93. Defendants committed intentional acts intended or designed to disrupt the contractual relationship by tendering/accepting cash payments, not accounting for same, not remitting the split net proceeds of same to Owen, eighty percent (80%) of net profits from HPL to Stokes and twenty percent (20%) to Owen, and by diverting funds due to HPL to Stokes.

94. Defendants' above referenced intentional acts disrupted the Operating Agreement between Plaintiff and Stokes, precluding Plaintiff from receiving income from HPL.

95. As a direct and proximate result of Defendants' disruption of the Operating Agreement, Plaintiff sustained damages in an amount in excess of $15,000.00, to be determined at trial.

96. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

### TWELFTH CAUSE OF ACTION

(Intentional Interference with Prospective Economic Advantage—as to Stokes, Coburn, and Ladah)

97. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

98. A prospective contractual relationship exists between Plaintiff and Stokes.

99. A prospective contractual relationship exists between Plaintiff and Coburn and Ladah.

100. Coburn and Ladah knew of the prospective relationship between Plaintiff and Stokes.

101. Stokes knew of the prospective relationship between Plaintiff and Coburn and Ladah.

102. Defendants intended to harm Plaintiff by preventing the relationship by tendering and accepting cash payments, withholding information of same from Plaintiff.

103. Defendants had no privilege or justification.

104. As a direct and proximate result of Defendants' actions, Plaintiff sustained damages in an amount in excess of $15,000.00, to be determined at trial.

105. Plaintiff has been required to retain the services of an attorney to prosecute this matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred herein.

### THIRTEENTH CAUSE OF ACTION

(Accounting—as to Stokes, Stokes LLC and Coburn)

106. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein

107. Plaintiff is an owner of HPL.

108. Plaintiff is entitled to an accounting/audit of the profits, books, and records of HPL and Coburn, per the Operating Agreement and the License Agreement.

109. As a direct and proximate result of Defendant Stokes and Stokes LLC's actions

1  in denying Plaintiff access to the accounting, Plaintiff has been damaged in an amount in excess
2  of $15,000.00, to be determined at trial.
3      110.   Plaintiff has been required to retain the services of an attorney to prosecute this
4  matter and, as such, is entitled to an award of her costs and reasonable attorney's fees incurred
5  herein.

### FOURTEENTH CAUSE OF ACTION

### (Dissolution pursuant to NRS 86.495)

111. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

112. Plaintiff, as 20% owner of HPL, applies for dissolution of HPL pursuant to NRS 86.495 because it is not reasonably practical to carry out the business of HPL.

### FOURTEENTH CAUSE OF ACTION

### (Distribution of Assets pursuant to NRS 86.521)

113. Plaintiff re-alleges the foregoing paragraphs as though fully stated herein.

114. Upon a decree of dissolution, Plaintiff, as 20% owner of HPL, seeks payment of debts to creditors, and a distribution of the assets of HPL pursuant to NRS 86.521.

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For general damages in excess of $15,000.00;
2. For special damages as proven;
3. For punitive and exemplary damages;
4. For an Order requiring Stokes, Stokes, LLC, Coburn, and Ladah to provide Plaintiff with an accounting of their books, including, without limitation, a full accounting of (a) all clients referred pursuant to the Referral Agreement; (b) all funds due and/or owing pursuant to the Licensing Agreement; (c) all payments that have been made in cash to Coburn, (d) all referral fees due and/or owing by Ladah to Coburn and/or HPL, Stokes LLC, or Stokes; and (e) all funds that Coburn, Stokes, Stokes LLC, and Ladah currently possess.
5. For a Declaratory Relief Order from this Court declaring that (a) Stokes, Stokes, LLC, Coburn, and Ladah engaged in conversion, unjust enrichment, intentional interference with contractual relations, intentional interference with prospective economic advantage; (b) Stokes, Coburn, and Ladah are liable for breach of contract, and breach of the implied covenant

of good faith and fair dealing; (c) Stokes is liable for breach of fiduciary duty; and fraud; (d) a constructive trust exists over Stokes, Stokes, LLC, and Coburn's interest in Plaintiffs' investment, (e) Stokes, Stokes, LLC, and Coburn serve as trustee over these monies for Plaintiffs' benefit, and (f) Stokes, Stokes, LLC, and Coburn are liable for any deficiency in the trust funds; (g) Plaintiff is entitled to an equitable accounting, an accounting, dissolution pursuant to NRS 86.495, and distribution pursuant to NRS 86.521.

6. For a decree of dissolution of the Nevada limited liability company Half Price Lawyers LLC pursuant to NRS 86.495;

7. For an order for payment to creditors upon the issuance of the decree of dissolution of Half Price Lawyers LLC pursuant to NRS 86.521.1(a);

8. Following payment of creditors of Half Price Lawyers LLC, for immediate distribution of the assets of Half Price Lawyers LLC to its members pursuant to NRS 86.521.1;

9. For reasonable attorney fees;

10. For costs of suit; and

11. For such other and further relief as the Court may deem just and proper.

DATED this 9th day of July, 2018.

HAROLD P. GEWERTER, ESQ., LTD.

/s/ Harold P. Gewerter, Esq.
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Attorney for Plaintiff