# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHRISTINE OWEN, | Case No. 2:18-cv-01581-GMN-CWH |
| Plaintiff, | |
| v. | **ORDER** |
| ADAM STOKES, et al., | |
| Defendants. | |

Presently before the court is defendants Adam Stokes, Adam Stokes LLC, Half Price Lawyers, LLC, Mark Coburn, and Ramzy Ladah's sealed ex parte motion to file exhibits under seal (ECF No. 11), filed on October 3, 2018. Defendants move to seal an operating agreement and a licensing agreement because they contain confidential and proprietary information. Defendants also move to seal the notice of removal because confidential exhibits are attached to it.[1] The motion does not articulate why it is filed on a sealed and ex parte basis, and the court cannot discern a justification for either designation. Further, the motion is not supported by points and authorities, which constitutes a consent to the denial of the motion under Local Rule 7-2(d).

Also before the court is plaintiff Christine Owen's motion to strike defendants' ex parte motion to seal (ECF No. 13), filed on October 9, 2018. Owen argues defendants' motion to seal does not comply with Federal Rule of Civil Procedure 5.2 or the court's local rules. Owen further argues the operating agreement should not be sealed. Defendants did not respond to the motion to strike, which constitutes a consent to the granting of the motion under Local Rule 7-2(d).

---

[1] The sealed documents at issue are filed at ECF Nos. 3 and 10.

1    Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79 (alteration and internal quotation marks and citations omitted). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Given the deficiencies in defendants' motion to seal, as well as defendants' failure to oppose the motion to strike, the court will deny and strike the motion to seal. The court will allow defendants' exhibits at ECF No. 3 and ECF No. 11 to remain under seal temporarily to allow the parties to meet and confer about what, if any, portions of the exhibits should be sealed. If any party determines that any portion of the exhibits should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing for the public record within 21 days of the date of this order. Any motion to seal must comply with the Federal Rules of Civil Procedure, the court's local rules, and *Kamakana*.

IT IS THEREFORE ORDERED that defendants Adam Stokes, Adam Stokes LLC, Half Price Lawyers, LLC, Mark Coburn, and Ramzy Ladah's sealed ex parte motion to file exhibits under seal (ECF No. 11) is DENIED.

IT IS FURTHER ORDERED that plaintiff Christine Owen's motion to strike defendants' ex parte motion to seal (ECF No. 13) is GRANTED.

/ / /

/ / /

1    IT IS FURTHER ORDERED that the clerk of court must STRIKE defendants Adam Stokes, Adam Stokes LLC, Half Price Lawyers, LLC, Mark Coburn, and Ramzy Ladah's sealed ex parte motion to file exhibits under seal (ECF No. 11).

IT IS FURTHER ORDERED that the documents filed at ECF No. 3 and ECF No. 10 will remain under seal pending further court order.

IT IS FURTHER ORDERED that the parties must meet and confer about what, if any, portions of the documents should be sealed. If any party determines that any portion of the exhibits should remain sealed, that party must file a motion that complies with the instructions in this order.

IT IS FURTHER ORDERED that if a motion to seal is not filed by any party within 21 days of the date of this order, the documents at ECF No. 3 and ECF No. 10 will be unsealed without further notice.

DATED: November 2, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE