HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Tel: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTINE OWEN,

Plaintiff,

vs.

ADAM STOKES, an individual; ADAM STOKES, LLC, a domestic limited liability company; HALF PRICE LAWYERS, LLC, a domestic limited liability company; MARK COBURN, an individual; RAMZY LADAH, an individual,

Defendants.

Case No.: 2:18-cv-01581-GMN-CWH

**REPLY TO DEFENDANTS' RESPONST TO MOTION FOR AN ORDER TO COMPEL DEMANDING MEMBER'S REQUEST TO EXAMINE AND COPY RECORDS OF HALF PRICE LAWYERS, LLC PURSUANT TO NRS 86.241**

COMES NOW Plaintiff, Christine Owen (hereinafter "Plaintiff"), by and through her attorney of record, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD., and hereby files her Reply to Defendants' Response (mistakenly referred to therein as a "Reply") to Plaintiff's June 7, 2019 Motion for an Order to Compel Demanding Member's Request to Examine and Copy Records of Half Price Lawyers, LLC Pursuant to NRS 86.241.

The instant Reply is made and based upon the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral arguments to be allowed by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. Introduction

As set forth in her June 7, 2019 Motion, Plaintiff, who is a one-half owner of Half Price Lawyers, LLC (hereinafter "the Company"), respectfully requests an Order from this Court allowing her to exercise her Right of Inspection per the Operating Agreement and NRS 86.241 of all Company Records as set forth herein. In their Response, Defendants oppose the Motion based on the allegation that Plaintiff's Motion is one to compel discovery per FRCP 37. Secondly, Defendants attempt to selectively enforce the Operating Agreement's Arbitration Clause with respect to Plaintiff's request- which is based upon Nevada Statute. As will be demonstrated herein, both of these arguments are without merit. For the sake of judicial economy, and due to Defendant's meritless defenses, the instant Reply will be cursory for the benefit of the Court.

II. Legal Authorities and Arguments

a) NRS 86.241

As explained in Plaintiff's June 7, 2019 Motion, Limited liability companies in Nevada are governed by NRS Chapter 86. With respect to a member's rights to view an LLC's records, such rights fall under the purview of NRS 86.241, which provides that "[e]ach member of a limited-liability company is entitled to obtain from the company, from time to time upon reasonable demand, for any purpose reasonably related to the interest of the member as a member of the company. Such demands are "subject to such reasonable standards regarding at what time and location and at whose expense records are to be furnished." *Id*. As seen in Plaintiff's June

7, 2019 Motion, at Exhibit 2, Plaintiff has made at least five (5) reasonable requests for records pursuant to NRS 86.241. (ECF No. 21).

In refusing to provide Plaintiff with the corporate records to which she is statutorily entitled, Defendants attempt to frame Plaintiff's request as a **discovery dispute** per FRCP 37. Defendants' Response, page 2-5. (ECF No. 22). In so arguing, Defendants argue that Plaintiff has failed to meet the requirements for discovery disputes per FRCP 37, and as such, is not entitled to her corporate records. *Id*.

Defendants' FRCP 37 is entirely misplaced. The instant matter before the Court is not a discovery issue. As noted, Plaintiff is entitled to the corporate records which she has reasonable requested **per statute**, regardless of the instant case and controversy. As such, Defendants' argument that Plaintiff must seek the requested corporate records through discovery, and if they are not provided, that she must first attempt to settle the alleged "discovery dispute" per FRCP 37 can be summarily dismissed.

b) The Operating Agreement

In addition to being entitled to the corporate records requested under NRS 86.241, Plaintiff is also specifically entitled to said records per the clear language of the most recent Operating Agreement dated June 2, 2014 (hereinafter the "Operating Agreement"). Plaintiff's Motion, at page 5. (ECF No. 21). In their Response, Defendants admit that they have not turned over the Plaintiff the corporate documents which she has requested on five (5) different occasions. Defendants' Response, at pages 5-12. (ECF No. 22). While admitting that they are in violation of NRS 86.241 and in breach of the Operating Agreement, Defendants nonetheless contend that Plaintiff must arbitrate her lawful request for corporate documents per the Operating Agreement's arbitration clause. *Id*.

Defendant's attempt to enforce the Operating Agreement's arbitration clause, while at the same removing the instant case from Nevada State Court and choosing to litigate same, is both unequitable and asserted in bad faith. Under the doctrine of judicial estoppel a party may be estopped merely by the fact of having alleged or admitted in his pleadings the contrary of the assertion sought to be made. *Sterling Builders, Inc. v. Fuhrman*, 80 Nev. 543, 549, 396 P.2d 850, 854 (1964). The primary purpose of judicial estoppel is to protect the judiciary's integrity rather than the litigants. *Mainor v. Nault*, 120 Nev. Adv. Op. 84 (2004). The court may invoke the doctrine at its discretion. *Id*. In *Mainor*, the Court further held that:

> "Although not all of these elements are always necessary, the doctrine generally applies 'when (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position (i.e., the tribunal adopted the position or accepted it as true); (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake.'"

(Internal citations omitted).

While the doctrine of judicial estoppel usually applies when a party asserts different positions in different cases, this requirement is not always necessary. *Mainor*, supra.

In the instant matter, Defendants have never asserted the arbitration clause from the Operating Agreement until now. On August 21, 2018 removed this matter to Federal Court and since that time have continued to litigate the case in contravention to the arbitration clause. As such, Defendants should be judicially estopped from now asserting that Plaintiff's request for corporate documents must be arbitrated. Simply stated, Defendants do not get to selectively choose which portions of the Operating Agreement. As such, this second argument in Response to Plaintiff's Motion is without merit.

As an aside, Plaintiff's request for corporate records is not a matter which can be arbitrated. As noted herein and in Plaintiff's original Motion, her request is already governed by,

and mandated, by statute. Accordingly, Defendants' insistence that Plaintiff's request for corporate documents be arbitrated is a red herring.

III. Conclusion

Based upon the foregoing and Plaintiff's original June 7, 2019, Plaintiff again respectfully pleads that her request for an Order to Compel Defendants to disclose corporate documents be GRANTED. Plaintiff also prays for attorney's fees, costs, and any other relief to which she is entitled.

DATED this 14th day of June, 2019.

*/s/ Harold P. Gewerter, Esq.*

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
1212 S. Casino Center Blvd.
Las Vegas, Nevada 89104
Tel: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of June, 2019, a true and correct copy of Plaintiff's **REPLY TO DEFENDANTS' RESPONST TO MOTION FOR AN ORDER TO COMPEL DEMANDING MEMBER'S REQUEST TO EXAMINE AND COPY RECORDS OF HALF PRICE LAWYERS, LLC PURSUANT TO NRS 86.241** was electronically served through the Court's ECF/Pacer system upon the following:

Telia U. Williams, Esq.
LAW OFFICE OF TELIA U. WILLIAMS
10161 Park Run Drive, Suite 150
Las Vegas, Nevada 89145
Attorney for Defendants

*<u>/s/ Sonja K. Howard</u>*
AN EMPLOYEE OF HAROLD P. GEWERTER, ESQ., LTD.