# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

CHRISTINE OWEN,

    Plaintiff,

v.

ADAM STOKES, et al.,

    Defendants.

Case No. 2:18-cv-01581-GMN-CWH

**ORDER**

Presently before the court is defendants Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, and Mark Coburn's Motion for Leave to File Operating and Licensing Agreements Under Seal (ECF No. 15). Plaintiff Christine Owen filed a response (ECF No. 16), and the moving defendants filed a reply (ECF No. 17).

**I.     Background**

This case arises out of a dispute regarding operating and licensing agreements between the parties. Owen sued in state court asserting fifteen claims against defendants Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, Mark Coburn, and Ramzy Ladah. Defendants subsequently removed the action to this court. Defendants filed an unsealed petition for removal and separately filed the licensing and operating agreements at issue under seal. (Pet. for Removal (ECF No. 1); Sealed Exhibits (ECF No. 3).) Defendants moved to seal the exhibits, which the court denied due to various procedural defects in the motion. (Order (ECF No. 14).) The court allowed the exhibits to temporarily remain under seal while the parties met and conferred about what, if any, portions of the exhibits should be sealed. (*Id.* at 2.) The court advised the parties that if any party determined that any portion of the exhibits should remain sealed, that party was required to file a motion to seal along with a proposed redacted version of the filing for the public record. (*Id.*)

Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, and Mark Coburn[1] now move to seal the exhibits, stating that the parties were unable to reach an agreement regarding sealing in the meet-and-confer process. These defendants argue the agreements are highly confidential and proprietary. Defendants also argue the agreements are the subject of other litigation in which the contents of the agreements were required not to be disclosed, though defendants do not provide case numbers or protective orders related to the other litigation. The defendants also state that disclosing the agreements may compromise an ongoing police investigation regarding one of Stokes' former employees, but they do not provide any specific information about the police matter. Alternatively, defendants argue the court should delay in deciding the motion to seal considering that there is a pending motion to remand in this case and the fact the documents were filed under seal in state court. Defendants argue this case is not a matter of wide public interest and that Owen is not prejudiced by keeping the agreements under seal, besides the inconvenience of dealing with sealed documents. Finally, defendants ask to be allowed to redact the documents if the court determines the documents should be unsealed. Defendants do not cite any legal authority in their motion, nor do they provide proposed redacted versions of the agreements as previously ordered by the court.

Owen responds that defendants do not demonstrate compelling reasons to seal the operating and licensing agreements. Owen also argues the defendants effectively disclosed their business model—aside from exact ownership percentages, licensing fees, and the like—by describing the agreements in their response to the pending motion to remand. Owen further states that she does not oppose limited redactions to the licensing and operating agreements.

In their reply, defendants argue Rule 26(c)'s good cause standard applies to its motion to seal. Defendants cite various cases from other districts regarding the sealing of operating agreements in federal court. Defendants also emphasize that Owen has an original signed copy of the operating agreement, as she is a signatory to the document, as well as a copy of the licensing agreement and therefore would not be prejudiced by the sealing of the documents.

---

[1] Defendant Ramzy Ladah did not join in the motion or express an opinion on its merits.

## II. Analysis

Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* For "most judicial records," the party seeking to seal the record must articulate "compelling reasons supported by specific factual findings [that] outweigh the general history of access and the public policies favoring disclosure." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (citing *Kamakana*, 447 F.3d at 1178-79). Among the compelling reasons which may justify sealing a record are when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Kamakana*, 447 F.3d at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

"[A] different standard applies to 'private materials unearthed during discovery,' as such documents are not part of the judicial record." *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1180). Under Rule 26(c), a court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." "The relevant standard for purposes of Rule 26(c) is whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Pintos*, 605 F.3d at 678 (quotation omitted). Given the "weaker public interest in nondispositive materials," the court applies the good cause standard in evaluating whether to seal documents attached to a nondispositive motion. *Id.* "Nondispositive motions 'are often unrelated, or only tangentially related, to the underlying cause of action,' and, as a result, the public's interest in accessing dispositive materials does 'not apply with equal force' to non-dispositive materials." *Id.* (citing *Kamakana*, 447 F.3d at 1179). It is within the court's discretion whether to seal documents. *Id.* at 679.

1 | Here, the court applies the compelling reasons standard as articulated by *Kamakana* and its progeny because the operating and licensing agreements are central to this case and are extensively referenced in the complaint and the parties' filings. The agreements are not documents that were unearthed in discovery that are only tangentially related to this case. Rather, they are central to Owen's claims.

Although the moving defendants generally argue the agreements are highly confidential and proprietary and could be copied by defendants' competitors, they do not specify which portions of the agreements contain confidential and proprietary information. Nor did defendants provide the court-ordered redactions that would allow the court to compare the sealed agreements with the redacted versions of the agreements to evaluate whether there are compelling reasons to seal the information. While the defendants provide argument of counsel regarding other harm defendants may suffer in other pending litigation if the documents are unsealed, defendants do not provide any specific information regarding those cases. Accordingly, the court finds that defendants failed to demonstrate compelling reasons supported by specific facts that outweigh the public's interest in accessing the licensing and operating agreements. The court in its discretion therefore will deny the motion to seal.

**III. Conclusion**

IT IS ORDERED that defendants Adam Stokes, Adam Stokes, LLC, Half Price Lawyers, LLC, and Mark Coburn's Motion for Leave to File Operating and Licensing Agreements Under Seal (ECF No. 15) is DENIED.

IT IS FURTHER ORDERED that the clerk of court must unseal ECF No. 3.

DATED: July 9, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE