**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHRISTINE OWEN, )
)
            Plaintiff, )    Case No.: 2:18-cv-01581-GMN-DJA
  vs. )
)    **ORDER**
ADAM STOKES, *et al.*, )
)
            Defendants. )

     Pending before the Court is Plaintiff Christine Owens's ("Plaintiff's") Motion for Attorney Fees and Sanctions, (ECF No. 33). Defendants Adam Stokes, Adam Stokes LLC, Half Price Lawyers, LLC, and Mark Coburn (collectively, "Defendants") filed a Response, (ECF No. 36). Plaintiff filed a Reply, (ECF No. 37). For the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

**I.    BACKGROUND**

     This case arises from Defendants' alleged failure to pay Plaintiff referral fees and bonuses consistent with the Half Price Lawyers, LLC licensing and operating agreements. (*See* Compl. ¶ 27, Ex. 2 to Pet. of Removal, ECF No. 1-2). Plaintiff filed her Complaint in state court, asserting fifteen state-law causes of action. (*Id.* ¶¶ 28–114). Defendants removed the case pursuant to 28 U.S.C. § 1331 because the breached agreements described in the Complaint allegedly "require[d] the interpretation of federal substantive law and federal procedure." (Pet. of Removal ¶ 7, ECF No. 1). Plaintiff filed the Motion to Remand, arguing that the Complaint did raise a federal question. (Mot. Remand 4:4–7:20, ECF No. 7).

     On August 26, 2019, the Court entered an Order granting Plaintiff's Motion to Remand, (*See* Order, ECF No. 32). In the Order, the Court concluded that the Complaint did not raise a federal question under well-settled law, and "Defendants fail[ed] to provide the Court any

specific argument or legal authority as to *how* Plaintiff's claims are supposedly dependent on federal issues." (*Id.* 4:6–5:21) (emphasis original). The Court found that Defendants premised their arguments in favor of removal on misrepresentations of the parties' Operating Agreement. (*Id.* at 6:20–7:10). While Defendants explained that the Operating Agreement provided that "[t]he construction, performance, and interpretation" of the Agreement would be governed by the Lanham Act, the Agreement in fact stated that it "shall be governed by and construed and enforced **in accordance with the laws of the State of Nevada** . . . ." (*Id.*) (emphasis original). The Court advised Plaintiff that "it will entertain a motion for attorney's fees based on improper removal." (*Id.* 7:13–14). The Court also admonished that, in light of Defendants' "blatant mischaracterization of the contractual agreements . . . . any further misrepresentations before this Court will result in appropriate sanctions." (*Id.* 7:11–13). Plaintiff then filed the instant Motion for Attorney Fees and Sanctions, (ECF No. 33).

## II.   **LEGAL STANDARD**

28 U.S.C. § 1447(c) permits a court to award "just costs and any actual expenses, including attorney's fees, incurred as a result of removal" where a case was improperly removed from state court. 28 U.S.C. § 1447(c). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Instead, whether removal was objectively reasonable depends on the clarity of the applicable law and whether the law "clearly foreclosed" the defendant's arguments in favor of removal. *See id.* at 1066-67; *Wells Fargo Bank, NA v. Hunt*, No. C-10-04965 JCS, 2011 U.S. Dist. LEXIS 14125, 2011 WL 445801, at *5 (N.D. Cal. Feb. 3, 2011). An award of costs and

expenses under section 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin*, 546 U.S at 139.

### III. <u>DISCUSSION</u>

Plaintiff argues that the Court should award attorney fees and impose sanctions against Defendants because they filed a frivolous Notice of Removal. (*See* Mot. Att'y Fees and Sanctions 3:1–5:4). Specifically, she alleges that, as the Court noted in its previous Order, Defendants' arguments in favor of removal were "meritless" and relied on "blatant mischaracterizations of the contractual agreements." (*Id.* 2:13–20). Plaintiff therefore argues that the Court should grant "[s]anctions in the form of an award of attorney fees pursuant to 28 USC § 1447 and NRS 7.085, and further sanctions pursuant to 28 USC § 1447, FRCP 11, and LR IA 11-8" in the case. (*Id.* 1:20–23).

Defendants make the following arguments in response to Plaintiff's Motion: (1) the Court should deny the Motion because Plaintiff moved for fees as a sanction rather than for improper removal, (Resp. 2:4–3:2, ECF No. 36); (2) Plaintiff failed to demonstrate removal was initiated in bath faith or for an improper reason, (*id.* 3:3–4:18); (3) Plaintiff should bare the fees because she failed to submit the matter to arbitration as required under the Operating Agreement, (*id.* 4:19–5:19); (4) even if the Court awards fees, the amount sought is excessive, (*id.* 5:20–6:20); and (5) if the Court awards fees, Plaintiff should not recover fees related to the issue of arbitration because it is unrelated to the case's removal, (*id.* 6:21–7:5). The Court addresses each contention below.

Defendants' argument that the Court should deny Plaintiff's Motion because she seeks fees as a sanction is meritless. (Order 7:11–13, ECF No. 32). While the Court advised that it would entertain a motion for fees based on improper removal and warned Defendants that it would entertain further sanctions if Defendants continued to misrepresent the record, (*see* Order 7:11–14), an award of fees for improper removal is a sanction. *See* 28 U.S.C. § 1447(c).

Although Plaintiff likewise moves for attorney fees and sanctions under additional authorities, (Mot. Fees 1:10–23), the Court confines its award to Defendants' sanctionable conduct under 28 U.S.C. § 1447(c).

Defendants' argument that the Court should deny the Motion for Fees because Plaintiff has not demonstrated bad faith or improper purpose mistakes the relevant legal standard. As explained above, a Court may award fees incurred as a result of improper removal upon a showing that removal was objectively unreasonable; bad faith or improper purpose is not required. *Martin*, 546 U.S. at 141; *See also Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163, 1165 (N.D. Cal. 2004) (explaining that the language of the statute "distinguishes an award under section 1447(c) 'from a punitive award which was associated with the formerly required bad faith finding.'") (quoting *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1487 (9th Cir. 1995)).

Defendants provide no authority that the presence of an arbitration agreement provides an affirmative defense to a motion for fees incurred from improper removal. Section 1447(c) explains that a Court can require the improperly removing party to pay attorney fees "incurred as a result of removal." 28 U.S.C. § 1447(c). Here, removal was without a reasonable basis and caused Plaintiff to incur unnecessary fees. If the parties had an enforceable arbitration agreement requiring them to arbitrate the dispute, Defendants may seek sanctions from a court of competent jurisdiction upon prevailing on a motion to compel arbitration. However, the parties' arbitration agreement has no bearing on Plaintiff's instant Motion.

The Court concludes that an award of fees under 28 U.S.C. § 1447(c) is proper. Defendants' arguments in favor of removal were meritless and premised on blatant mischaracterizations of the Complaint to the Court. (*See* Order, 7:3–14). Therefore, Plaintiff is entitled to recover the costs she incurred as a result of the improper removal. Defendants

remaining arguments dispute the amount of fees Plaintiff requests, which the Court considers in its computation of the lodestar.

When a party seeks a fee award under a federal fee-shifting statute, the court determines the award using the "lodestar method." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (internal citation omitted). The party seeking fees bears the burden to submit evidence supporting the rates claimed and the hours worked. *Hensley*, 461 U.S. at 433; see also *Carson v. Billings Police Dep't*, 470 F.3d 889, 891 (9th Cir. 2006). In reviewing a motion for attorney fees, the court will rely on its own experience to determine whether the amount requested is reasonable. *See Hensley*, 461 U.S. at 437.

The Court first assesses the reasonableness of the rates claimed. Plaintiff's counsel is a partner with over for 40 years of experience, and he seeks a rate of $400 per hour. (Decl. of Harold Gewerter ("Decl.") ¶¶ 2, 5, Ex. 1 to Mot. Fees, ECF No. 33). The Court finds that the rate claimed is reasonable for partners of Plaintiff's counsel's experience in the Las Vegas market. *See Marrocco v. Hill*, 291 F.R.D. 586 (D. Nev. 2013) (finding that $375–$400 is the reasonable hourly rate for a partner with over 35 years of experience in Las Vegas). "For the Las Vegas market, this Court has regularly awarded fees where the hourly rate at issue were $400 or less." *See Int'l Inst. of Mgmt. v. Org for Econ. Cooperative & Dev.*, No. 2:18-cv-01748-JCM-GWF, 2019 U.S. Dist. LEXIS 18907 at *16–*17 (D. Nev. Oct. 29, 2019).

The Court now addresses the reasonableness of the hours counsel worked. Plaintiff seeks an award of fees for all the work he performed in the present matter, totaling 26.8 hours. (Decl. ¶ 7, Ex. 1 to Mot. Fees). Defendants argue that the time spent on many tasks was excessive and should be reduced, (*id.* 5:20–6:20), and that if the Court awards fees, Plaintiff

should not recover fees incurred in responding to the Motion to Compel Arbitration because they were not incurred as a result of removal, (*id.* 6:21–7:5).

The Court finds that Plaintiff should receive a fee award for all work counsel performed, with the exception of the hours spent responding to Defendants' Motion to Compel Arbitration. The fees incurred from those 5.5 hours of work, (Decl. ¶ 7(j)–(l), Ex. 1 to Mot. Fees), did not result from improper removal because Plaintiff likely would have had to respond to a substantively identical motion to compel arbitration had the case stayed in state court. Accordingly, Plaintiff may recover fees for the 21.3 hours of work Plaintiff reasonably incurred because of Defendants' improper removal.

The Court finds no reason to otherwise adjust the lodestar. Unlike Defendants contend, the Court does not find that the time Plaintiff's counsel spent on various tasks was excessive. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker."). The Court finds that the lodestar is: $8,520.00.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees and Sanctions, (ECF No. 33), is **GRANTED in part** and **DENIED in part**. The Court **GRANTS** Plaintiff's request for attorney in the amount of $8,520.00 incurred as a result of Defendants' improper removal. The Court **DENIES** Plaintiff's request for further sanctions.

**DATED** this __10__ day of January, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court